

**FILED**
March 18, 2022 01:00 PM
SX-2022-CV-00025
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| SAMUEL FERDINAND, | | Civil No. SX-2022-CV-025 |
| | PLAINTIFF, | ACTION FOR DAMAGES |
| v. | | JURY TRIAL DEMANDED |
| ABD HAMMOUDEH, MD, | | |
| | DEFENDANT. | CITE AS: 2022 VI SUPER 31 |

**Appearances:**
**Lee J. Rohn, Esq.**
LEE J. ROHN AND ASSOCIATES, LLC
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Jennifer P. Brooks, Esq.**
HAMILTON, MILLER & BIRTHISEL, LLP
Miami, Florida
*For Defendant*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1 **THIS MATTER** is before the Court for review *sua sponte*.

### BACKGROUND

¶ 2 On January 28, 2022, Plaintiff Samuel Ferdinand (hereinafter "Plaintiff") filed a verified complaint against Defendant Abd Hammoudeh, M.D. (hereinafter "Defendant"). In his complaint, Plaintiff alleged, inter alia, that "Defendant [] is, upon information, a licensed Dentist, who is employed at the Frederiksted Health Clinic," that "[o]n March 24, 2021, Plaintiff appeared to have his tooth extracted by [Defendant]," that "Defendant [] negligently and below the standard of care failed to designate and extract the correct tooth," and that "[a]s a result, the wrong tooth of the Plaintiff was extracted." (Compl. ¶¶ 3, 6-8.) The Complaint did not specify the name(s) of the cause of action(s) Plaintiff is pursuing against Defendant—to wit, Plaintiff did not set forth any

counts in separate numbered paragraphs with separate designation of the specific names of each count[1]—but based on the allegations, the Court deduced that Plaintiff alleged a cause of action for negligence.

¶ 3     On February 20, 2022, Plaintiff filed a notice whereby Plaintiff advised the Court that Defendant was served on February 15, 2022, Governor of the Virgin Islands Albert Bryan, Jr. was served on February 15, 2022, and Attorney General of the Virgin Islands Denise George was served on February 18, 2022.

¶ 4     On March 9, 2022, Defendant filed an answer and affirmative defenses.

¶ 5     On March 10, 2022, Plaintiff and Defendant filed a stipulated confidentiality agreement and agreed protective order.

## DISCUSSION

¶ 6     Plaintiff did not specifically state in his complaint that this is a medical malpractice action. Nevertheless, based on the allegations, the Court finds that Plaintiff's claim may implicate the Virgin Islands Medical Malpractice Act (hereinafter "VIMMA") and the pre-filing requirements contained therein.

### 1. Whether this is a Medical Malpractice Action for the Purposes of the Medical Malpractice Act

¶ 7     As an initial matter, the Court must determine whether Plaintiff's claim constitutes medical malpractice for purposes of the VIMMA. Under the VIMMA, medical malpractice "means any tort or breach of contract based on health care or professional services rendered, or which should have been rendered by a health care provider, to a patient," Title 27 V.I.C. § 166(f), health care

---

[1] Rule 8 of the Virgin Islands Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief -- because this is a notice pleading jurisdiction -- and the pleading shall be set forth in separate numbered paragraphs as provided in Rule 10(b), with separate designation of counts and defenses for each claim identified in the pleading." V.I. R. Civ. P. 8(a)(2).

"means any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment or confinement," Title 27 V.I.C. § 166(b), and health care provider "means a person, corporation, facility or institution who must be licensed by this territory to provide health care or professional medical services including a medical, osteopathic, chiropractic or naturopathic physician, hospital, dentist, registered or licensed practical nurse to include the Advanced Practice Registered Nurse, optometrist, podiatrist, physical therapist, psychologist, paramedical personnel, emergency medical technician, pharmacist and laboratory technician," Title 27 V.I.C. § 166(c). Here, Plaintiff's claim is a tort based on health care or professional services rendered by Defendant as his dentist to him as a patient. Thus, Plaintiff's claim constitutes medical malpractice as defined by the VIMMA and is subject to the requirements of the VIMMA.

## 2. Jurisdictional Prerequisites of the VIMMA

¶ 8     The VIMMA establishes a pre-filing jurisdictional requirement before a plaintiff may commence a medical malpractice action under the jurisdiction of the Superior Court. *Daley-Jeffers v. Graham*, 69 V.I. 931, 936 (V.I. 2018) (citing *Brady v. Cintron*, 55 V.I. 802, 815 (V.I. 2011) (concluding that section 166i imposes pre-filing jurisdictional limitations on the Superior Court's ability to hear medical malpractice claims)). More specifically, the VIMMA provides that "[n]o action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the [Medical Malpractice Action Review] Committee and the [Medical Malpractice Action Review] Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the [Medical Malpractice Action Review] Committee within ninety days from the date the complaint was filed with the [Medical Malpractice Action Review] Committee, the claimant may commence his action against the health

care provider in court." Title 27 V.I.C. § 166i(b). "The proposed complaint shall be deemed filed when a copy is delivered or mailed by registered or certified mail to the Commissioner of Health." Title 27 V.I.C. § 166i(c). In *Brady*, the Virgin Islands Supreme Court noted that "[t]he purpose of the MMA and the Committee review process is to eliminate claims lacking merit and encourage prompt settlement of meritorious claims" and "[i]t specifically seeks to prevent actions from being filed in courts until after the statutory requirements of the MMA are fulfilled." 55 V.I. at 813 (internal quotation marks and citation omitted); *see* Title 27 V.I.C. § 166i(a) ("There is established within the Office of the Commissioner of Health a Medical Malpractice Action Review Committee (referred to in the rest of this section as "the Committee") the purpose of which shall be to arrange for expert review of all malpractice claims before actions based upon such claims are commenced in court.").

¶ 9     Here, there is no indication from the complaint that Plaintiff has complied with the pre-filing requirements of the VIMMA. Thus, it is unclear whether the Court has subject matter jurisdiction over this matter. "It is well established that a court may consider the issue of subject matter jurisdiction sua sponte. This is because, prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute." *Clarke v. Lopez*, 73 V.I. 512, ¶ 9 (V.I. 2020) (internal quotation marks and citations omitted); *see* V.I. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As such, the Court will grant Plaintiff leave to amend her complaint to include allegations regarding the pre-filing requirements of the VIMMA. Given that the pre-filing requirements of the VIMMA concerns the Court's subject matter jurisdiction over this matter, the Court will require Plaintiff to plead facts demonstrating his compliance with the pre-filing jurisdictional requirements of the VIMMA, such as the date he filed

a proposed complaint with the Medical Malpractice Action Review Committee and the date the expert opinion was received (or that ninety days has elapsed since the filing of his proposed complaint)[2] so that the Court can "examine whether it has subject matter jurisdiction over the dispute," *Clarke*, 73 V.I. 512, ¶ 9; a single conclusory allegation that Plaintiff has complied with all the pre-filing jurisdictional requirements of the VIMMA will not suffice. The Court will reserve ruling Plaintiff and Defendant's March 10, 2022 stipulated confidentiality agreement and agreed protective order pending the Court's determination that the Court has subject matter jurisdiction over this matter.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff shall file a proposed first amended complaint and plead facts demonstrating his compliance with the pre-filing jurisdictional requirements of the VIMMA. The proposed first amended complaint shall be drafted in compliance with the Virgin Islands Rules of Civil Procedure—including, but not limited to, setting forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings as required under Rule 8 of the Virgin Islands Rules of Civil Procedure. **And** it is further:

**ORDERED** that Plaintiff shall file (i) a redline copy of the new proposed first amended complaint reflecting the changes made to the initial complaint and (ii) a clean copy of the new

---

[2] The VIMMA provides that "[u]pon receipt by the [Medical Malpractice Action Review] Committee of an expert opinion, the Commissioner of Health shall immediately forward a copy of the opinion to the plaintiff and defendant." Title 27 V.I.C. § 166i(d)(4).

proposed first amended complaint, in compliant with Rule 15-1 of Virgin Islands Rules of Civil Procedure, which requires "[a] party moving to amend a pleading…[to] attach a complete—and properly signed—copy of the proposed amended pleading to the motion papers" and "must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference." V.I. R. Civ. P. 15-1.

DONE and so ORDERED this 18th day of March, 2022.

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: 3/18/2022

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

**FILED**
March 19, 2022 01:01 PM
SX-2022-CV-00025
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
District of St. Croix

---

**Samuel Ferdinand,**                          Case Number: **SX-2022-CV-00025**
                  **Plaintiff**              Action: **Tort**

**v.**

**Dr. ABD Hammoudeh, MD,**
                  **Defendant.**

## NOTICE of ENTRY
### of
### <u>Memorandum Opinion and Order</u>

**To:**  Lee J. Rohn _____          Jennifer Q. Miller Brooks _____

 

 

 

 

 

 

 

**Please take notice that on March 19, 2022**
**a(n)** _____ **Memorandum Opinion and OPrder** _____
      **dated** _____ **March 18, 2022** _____ **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:**  **March 19, 2022** _____

                                **Tamara Charles**
                                **Clerk of the Court**
            By:

*Janeen Maranda*

                                **Janeen Maranda**
                                **Court Clerk II**